UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Curtis,

Plaintiff

vs.

The City of Minneapolis; and John Doe and Richard Roe, unknown officers acting in their individual capacities as Minneapolis police officers,

Defendants.

---

Case No. 00-CV-784(MJD/JGL)

STIPULATION TO AMEND COMPLAINT AND ACCEPTANCE OF SERVICE

IT IS HEREBY STIPULATED AND AGREED TO by the undersigned parties to the above-entitled action, acting through their attorneys, that:

1. Plaintiff shall have leave to amend the Complaint to identify the defendants officers formerly identified only as John Doe and Richard Roe, as shown in Exhibit A attached hereto; and

2. All defendants hereby accept service of plaintiff's Amended Complaint.

3. The parties agree that the Answer, dated March 20, 2000, filed in response to the original Complaint, shall stand as the Answer to the Amended Complaint.

DATED: August 23, 2000

GARTNER, BENNETT & SCHUPP, PC

By: ______________________

Robert Bennett (6713)
Eric Hageman (158180)
*Attorneys for Plaintiff*
Suite 2200, One Financial Plaza
120 South Sixth Street
Minneapolis, Minnesota 55402-1824
(612) 333-3839

FILED SEP 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED
DEPUTY CLERK

(11)

Dated: 9/12, 2000

JAY HEFFERN, City Attorney

By: Timothy S Skarda

Timothy S. Skarda (10176(X)
Assistant City Attorney
Tami L. Schroeder (270581)
Assistant City Attorney
*Attorneys for Defendants*
333 South Seventh Street, Suite 300
Minneapolis, MN 55402-2453
(612) 673-2010

654/stip amend2

Dated: Sept 21, 2000

SO ORDERED.

JONATHAN LEBEDOFF
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Curtis,

Plaintiff

vs.

The City of Minneapolis; and David Pleoger, acting in his individual capacity as a Minneapolis police officer, and Officer Daniel Loe, acting in his individual capacity as a Minneapolis police offier,

Defendants.

---

Case No. 00-CV-784(MJD/JGL)

AMENDED COMPLAINT

For his complaint, plaintiff Joseph Curtis ("Curtis") hereby states and alleges as follows:

1. This is an action for money damages for injuries sustained by Curtis as a result of a vicious assault and other violations of his constitutional rights by unknown police officers of the City of Minneapolis which were directly caused by the historical custom and practice of deliberate indifference of the City of Minneapolis to citizen complaints of excessive force. This beating violated Curtis' federal civil rights and constitutes tortious behavior on behalf of all defendants, all while acting under color of state law.

2. Venue is appropriate in the above-captioned court, and this Court has jurisdiction over this cause of action and these defendants.

3. Plaintiff is and was at all times material herein a resident of the County of Hennepin and the State of Minnesota.

EXHIBIT A

4. Defendants David Peloger ("Pleoger") and Daniel Loe ("Loe"), upon information and belief, were at all times mentioned herein duly appointed and acting officers of the police department of the City of Minneapolis.

5. Defendant City of Minneapolis ("the City") is a municipality duly incorporated under the laws of the State of Minnesota.

6. On April 8, 1999, Officers Pleoger and Loe, along with other unknown officers of the Minneapolis Police Department, conducted a search of the house where Curtis was living with his brother and nephew.

7. At the time the search was executed, Curtis was sleeping in his bedroom in the residence. Curtis is primarily confined to his bed as a result of several strokes he has suffered in recent years, which have left him with a very limited ability to walk and very little ability to speak.

8. During the raid, Curtis was awakened when the police barged into the apartment. The police came into his room and one of the officers told him to "get down on the floor."

9. Curtis, who is unable to speak coherently, attempted to tell the officer that he was disabled and could not do so. Pleoger told him, "I don't give a fuck" and grabbed Curtis' arm and threw him face first onto the floor.

10. In doing so, Curtis' two front teeth became dislodged and he began bleeding from the mouth. An officer then placed his foot on the back of Curtis' neck and handcuffed him with has hands behind his back.

11. Curtis was also struck and kicked by one or more officers including, upon information and belief, Loe. The officers ultimately unhandcuffed Curtis and left him in his bedroom, lying in his bed, bleeding from the mouth.

12. Curtis was not charged with any crime in this incident, nor was there any probable cause to believe that he had committed any crime.

13. Several hours after the police left, Curtis' brother returned to the apartment and, finding Curtis bleeding in his bed, called 911 and an ambulance arrived along with a large number of Minneapolis police squad cars.

14. Officers entered the apartment again and took Curtis to the hospital, where Curtis was found to have lacerations and abrasions on his face, along with "a large amount of swelling around both lips and several loose teeth."

15. As a direct result of the constitutional deprivations committed by defendants, Curtis has suffered emotional distress.

16. The City's consistent failure to discipline its police officers for use of unreasonable force allowed Pleoger and Loe to feel unconstrained in their use of unreasonable force on Curtis.

17. Plaintiff demands a jury trial as to all issues of fact herein.

COUNT I

CIVIL RIGHTS VIOLATIONS BY DEFENDANTS PLEOGER AND LOE

18. Plaintiff realleges the allegations contained in paragraphs 1 through 17 herein against defendants Pleoger and Loe.

19. By the actions described above, these defendants, under color of state law, violated and deprived plaintiff Curtis of his clearly established and well-settled civil rights to be free from: the use of excessive and unreasonable force, illegal search and seizure and the deprivation of liberty without due process of law under 42 U.S.C. § 1983.

20. These defendants subjected Curtis to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether his rights would be violated by their actions.

21. These defendants, knowing of the unconstitutional actions being committed by the other defendants against Curtis, and having the power to prevent such acts, neglected and refused to do so in violation of 42 U.S.C. § 1986.

22. As a direct and proximate result of the acts and omissions of all of these defendants, Curtis was injured, suffering damages in an amount exceeding Fifty Thousand ($50,000) Dollars.

23. Plaintiff is entitled to recovery of his reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

24. Punitive damages are available and claimed as a matter of federal common law, Smith v. Wade, 461 U.S. 30 (1983), and, as such, are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. §549.20.

COUNT TWO

CONSPIRACY TO VIOLATE CIVIL RIGHTS

25. Plaintiff realleges the allegations contained in paragraphs 1 through 24 herein against all defendants.

26. By the conduct described above, these defendants conspired to violate Curtis' civil rights in violation of 42 U.S.C. § 1983. Said conspiracy consists of, inter alia, engaging in, consenting to, ratifying and acquiescing in: the filing of false police reports; making false statements to investigators, and other violations of plaintiff's civil rights as described above.

27. As a direct and proximate result of said conspiracy, plaintiff has been damaged in an amount exceeding Fifty Thousand ($50,000) Dollars.

28. Plaintiff is entitled to recovery of his reasonable attorneys' fees under 42 U.S.C. § 1988.

29. Punitive damages are available and claimed as a matter of federal common law, Smith v. Wade, 461 U.S. 30 (1983), and, as such, are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. §549.20.

COUNT THREE

ASSAULT AND BATTERY

30. Curtis realleges the allegations contained in paragraphs 1 through 29 herein against defendants Pleoger and Loe.

31. Defendants assaulted and battered Curtis.

32. As a result of this assault and battery, Curtis suffered injuries and damages in an amount exceeding Fifty Thousand ($50,000) Dollars.

COUNT FOUR

VIOLATIONS OF 42 U.S.C. § 1981

33. Plaintiff realleges the allegations contained in paragraphs 1 through 32 herein against defendants Pleoger and Loe.

34. Defendants committed the aforesaid acts against plaintiff as a direct result of plaintiff's race.

35. Defendants' actions were racially motivated and discriminatory in violation of 42 U.S.C. § 1981 and violated plaintiff's rights to due process of law and directly and proximately caused plaintiff to suffer the injuries and incur the damages set forth herein.

36. Plaintiff is entitled to recovery of his reasonable attorneys' fees under 42 U.S.C. § 1988.

COUNT FIVE

MINNESOTA HUMAN RIGHTS ACT VIOLATIONS
BY DEFENDANTS PLEOGER AND LOE

37. Plaintiff realleges the allegations contained in paragraphs 1 through 36 herein against defendants Pleoger and Loe.

38. Defendants discriminated against plaintiff on the basis of race or other discriminatory reasons.

39. By the actions described above, defendants committed unfair discriminatory practices in violation of Minn. Stat. § 363.03.

40. Defendants committed these acts either maliciously or by acting with a reckless disregard for whether plaintiff's rights would be violated by their actions.

41. As a direct and proximate result of the acts and omissions of all defendants, plaintiff was damaged in an amount exceeding Fifty Thousand ($50,000) Dollars.

42. Plaintiff is entitled to recovery of his reasonable attorneys' fees under Minn. Stat. § 363.14, subd. 3.

COUNT SIX

CIVIL RIGHTS VIOLATIONS BY THE CITY OF MINNEAPOLIS

43. Plaintiff realleges the allegations contained in paragraphs 1 through 42 herein against defendant City of Minneapolis.

44. Before April 8, 1999, defendant City of Minneapolis, with deliberate indifference to the rights of citizens, initiated, tolerated, permitted, failed to correct, promoted, and ratified a custom, pattern and practice on the part of its police personnel, including defendants Pleoger and Loe, of unjustified, unreasonable and illegal use of force and other forms of intimidation, coercion and harassment.

45. As of April 8, 1999, defendant City of Minneapolis maintained a custom and practice of deliberate indifference to citizen complaints of excessive force and by failing to discipline, remediate, counsel or retrain officers who had histories of improper, abusive and intentional conduct in this regard.

46. As a direct and proximate result of the aforesaid acts and omissions, systematic flaws, policies and customs of the defendant City of Minneapolis, defendants Pleoger and Loe used excessive force on Curtis and engaged in the other above-described conduct in violation of Curtis's civil rights to his compensatory damage in an amount exceeding Fifty Thousand ($50,000) Dollars.

47. Plaintiff is entitled to recovery of his reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

WHEREFORE, plaintiff Joseph Curtis prays for judgment against defendants as follows:

1. As to Count One, a money judgment against defendants Pleoger and Loe for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000) Dollars together with reasonable attorneys' fees, costs and disbursements under 42 U.S.C. § 1988 and prejudgment interest;

2. As to Count Two, a money judgment against all defendants for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000) Dollars together with reasonable attorneys' fees, costs and disbursements under 42 U.S.C. § 1988 and prejudgment interest;

3. As to Count Three, a money judgment against defendants Pleoger and Loe for compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars together with pre-judgment interest and his costs and disbursements;

4. As to Count Four, a money judgment against defendants Pleoger and Loe for compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars together with reasonable attorneys' fees, costs and disbursements under 42 U.S.C. § 1988 and prejudgment interest;

5. As to Count Five, a money judgment against defendants Pleoger and Loe for compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars together with reasonable attorneys' fees, costs and disbursements under Minn. Stat. § 363.14, subd. 3, and prejudgment interest;

6.. As to Count Six, a money judgment against defendant City of Minneapolis for compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars together with reasonable attorneys' fees, costs and disbursements under 42 U.S.C. § 1988 and prejudgment interest; and

6. For such other and further relief as this Court may deem just and equitable.

Dated this 23 day of August, 2000.

GARTNER, BENNETT & SCHUPP, PC

By: ______________________________

Robert Bennett (6713)
Eric Hageman (285180)
*Attorneys for Plaintiff*
Suite 2200, One Financial Plaza
120 South Sixth Street
Minneapolis, MN 55402-1824
(612) 333-3839

654/amend comp

**Date:** 9/26/00 12:48 PM
**Sender:** Fax Client Server
**To:** Kim Vezina; Cyndee Francis; Jon Mayer
**Priority:** Normal
**Subject:** Fax send info for 0:00cv784

Case 0:00cv784 sent to be faxed 09/26/00 at 12:48:38.41

| | | | |
|---|---|---|---|
| Skarda, Timothy | Mpls City Atty | 333 S 7th St | N/A — mailed |
| Bennett, Robert | Gartner Bennett & Sch | 120 S 6th St | 93333129 |
| Hageman, Eric | Gartner Bennett & Sch | 120 S 6th St | 93333129 |
| Schroeder, Tami | Mpls City Atty | 333 S 7th St | 96733362 |