UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Curtis,

Plaintiff,

v.

MEMORANDUM OPINION AND ORDER
Civil No. 00-784(MJD/JGL)

The City of Minneapolis, David Ploeger, acting in his individual capacity as a Minneapolis Police Officer and Officer Daniel Loe, acting in his individual capacity as a Minneapolis Police Officer,

Defendants.

---

Robert Bennett and Eric Hageman, Gartner, Bennett & Schupp, PC for and on behalf of Plaintiff.

Timothy S. Skarda, Assistant Minneapolis City Attorney for and on behalf of Defendants.

---

Plaintiff Joseph Curtis is severely and permanently disabled as a result of suffering from two strokes. He is unemployed because of his disability, and receives approximately $500 per month in disability benefits. Because of his financial condition, he rents a room from his brother.

On April 8, 1999, Minneapolis Police executed a search warrant at 2929 Garfield Avenue South because the officers had information that drugs were being sold from this residence. This residence is a duplex, and Plaintiff lived in the upper unit. After the police entered the residence, they discovered two people in the kitchen, who were ordered to



FILED NOV 0 9 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

the ground, after which they were placed in handcuffs. Officer Loe, who was wearing a uniform and had his gun drawn, then opened the door to Plaintiff's bedroom, and ordered Plaintiff, who was sitting on the bed, to get onto the floor. Plaintiff did not respond immediately. Seconds later, Officer Bryan entered the room and pulled Plaintiff onto his knees on the floor. Officer Loe continued to order Plaintiff to get onto his stomach. Officer Ploeger then entered the room and knocked Plaintiff onto his stomach with the bunker that he was holding. He was then handcuffed. Plaintiff alleges that while he was being handcuffed, one of the officers put his foot on Plaintiff's neck, and then kicked him in the ribs.

Officers quickly learned that Plaintiff was disabled, and his handcuffs were taken off. The parties dispute exactly what happened next. Plaintiff asserts that as a result of being knocked down on his face with the bunker, two of his teeth became dislodged and he was bleeding from his mouth. He alleges that after the officers learned he was disabled, and the cuffs taken off, he was left in his bedroom. No one asked if he was alright or needed medical attention. He alleges that his brother later returned to check on him, and found him crying and bleeding in bed. His brother then called an ambulance. Plaintiff was found to have lacerations and abrasions on his face, along with a large amount of swelling around both lips and several loose teeth.

Defendants argue that after they learned that Plaintiff was disabled, his handcuffs were taken off and he was placed in a chair. After the building was secured, Defendants assert that Officer Ploeger helped Plaintiff to the bathroom. Defendants further assert that another officer at the scene, Officer Smith, asked Plaintiff if he wanted medical

treatment from the paramedic at the scene, and Plaintiff allegedly declined.

Plaintiff brought this action, asserting claims of illegal search and deprivation of liberty without due process of law under § 1983, conspiracy to violate civil rights, assault and battery, violation of § 1981, Minnesota Human Rights violations and Monell allegations against the City.

Before the Court is Defendants' motion for summary judgment as to all claims. In response to Defendants' motion, Plaintiff asserts only that summary judgment as to the excessive force claims against the individual officers is not appropriate. Plaintiff makes no mention or asserts any argument with respect to the other claims asserted. Accordingly, the Court will construe Plaintiff's response as conceding that summary judgment is appropriate as to the other claims.

With respect to the excessive force claim, Plaintiff alleges that the officers assaulted Plaintiff without provocation or justification. Prior to his being knocked down on the ground, Plaintiff presented no threat; he did not possess a weapon, and he was surrounding by officers with guns drawn. Further, Plaintiff's halted, slurred speech should have put officers on notice of his disability.

Defendants argue that the individual officers are entitled to qualified immunity with respect to the excessive force claim because Plaintiff has failed to show that the officers violated a constitutional right that was clearly established in light of the specific context of the case. Specifically, Defendants argue that Plaintiff has failed to point to any law which clearly establishes that a partially disabled person cannot be removed from a bed, and forced to the floor. Thus, because the law is unsettled, Defendants are entitled

to qualified immunity. Wilson v. Layne, 526 U.S. 603, 614 (1999). Also, to overcome qualified immunity, Plaintiff must show that no reasonably competent officer would not have acted similarly. Winters v. Adams, 254 F.3d 758 (8th Cir. 2001).

The Court finds, however, that genuine issues of fact preclude summary judgment. If Plaintiff is able to prove that the conditions in the apartment were such that the officers should have been able to immediately discern that Plaintiff was disabled, and presented no threat, the officers are not entitled to qualified immunity.

IT IS HEREBY ORDERED THAT Defendants' motion for summary judgment is GRANTED in part and DENIED in part. Counts II, III, IV and V are dismissed with prejudice.

Date: Nov. 9, 2001

Michael J. Davis
United States District Court